1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FRANK LEE DEARWESTER,                    No.  13-cv-2062 AC P

12              Plaintiff,

13        v.                                   ORDER

14   SACRAMENTO COUNTY SHERIFF'S
     DEPARTMENT, et al.,
15
               Defendants.
16

17        Plaintiff, a Sacramento County jail inmate, is proceeding pro se.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28

19   U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

20   U.S.C. § 636(b)(1).  Plaintiff has consented to the jurisdiction of the undersigned.  ECF No. 4.

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

                                        1

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3    1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16        A complaint must contain more than a "formulaic recitation of the elements of a cause of

17   action;" it must contain factual allegations sufficient to "raise a right to relief above the

18   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

19   must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]

20   a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

21   Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual

22   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

23   566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has

24   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

25   reasonable inference that the defendant is liable for the misconduct alleged."  Id.

26        In reviewing a complaint under this standard, the court must accept as true the allegations

27   of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

28   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

2

1    the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

2           Plaintiff has named as defendants the Sacramento County Sheriff's Department; Sheriff

3    Scott Jones and Aramark Correctional Services, LLC.  Plaintiff, however, sets forth no colorable

4    allegations against any defendant in his very abbreviated complaint.  He references a grievance

5    that is not attached to the complaint.  He states that he has been "subjected to this impropriety for

6    2 1/2 years," but does not set forth the facts that constitute the "impropriety" at issue.  It is not

7    enough to refer to an exhibit even if it had been attached; plaintiff's allegations must be stated

8    within the body of the complaint itself.  Plaintiff concludes by seeking money damages "to

9    change the overall inhumane treatment of pretrial detainees" in the custody of the "Sheriff Dept.'s

10   bureaucracy."  See Complaint.

11          Plaintiff's vague, conclusory and generalized allegations fail to comply with Rule 8 of the

12   Federal Rules of Civil Procedure which requires "sufficient allegations to put defendants fairly on

13   notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (citing

14   Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 C. Wright & A. Miller, Federal Practice and

15   Procedure § 1202 (2d ed. 1990)).  Although the Federal Rules adopt a flexible pleading policy, a

16   complaint must provide fair notice and state the elements of the claim plainly and succinctly.

17   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "Plaintiff must allege

18   with at least some degree of particularity overt acts which defendants engaged in that support

19   plaintiff's claim."  Id. (internal citation/quotation marks omitted).  Because plaintiff has failed to

20   comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The

21   court will, however, grant leave to file an amended complaint.

22          If plaintiff chooses to amend the complaint, he must demonstrate how the conditions

23   complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625

24   F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named

25   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

26   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

27   v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

28   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of

1  official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673

2  F.2d 266, 268 (9th Cir. 1982).

3        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4  make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

5  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

6  amended complaint supersedes the original complaint.  <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th

7  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

8  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

9  and the involvement of each defendant must be sufficiently alleged.

10        In accordance with the above, IT IS HEREBY ORDERED that:

11        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

12        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

13  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

14  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

15  Director of the California Department of Corrections and Rehabilitation filed concurrently

16  herewith.

17        3.  Plaintiff's complaint is dismissed.

18        4.  Plaintiff is granted twenty-eight days from the date of service of this order to file an

19  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

20  of Civil Procedure, and the Local Rules.  Failure to file an amended complaint in accordance with

21  this order will result in dismissal of this action.

22  DATED: March 10, 2014

23

24  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

4