UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE DEARWESTER, | No. 2:13-cv-2062 AC P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff filed this action pro se while a Sacramento County jail inmate[1] pursuant to 42 U.S.C. § 1983. On October 30, 2013, plaintiff consented to the jurisdiction of the undersigned. ECF No. 4. By order filed March 11, 2014, the complaint was dismissed and plaintiff was granted twenty-eight days to file an amended complaint.[2] ECF No. 9. In that order, the court informed plaintiff of the deficiencies in his complaint. Plaintiff was cautioned that failure to file an amended complaint would result in dismissal of this action. Upon expiration of the twenty-eight day period, plaintiff had neither filed an amended complaint nor otherwise responded to the court's order. This action was therefore dismissed with prejudice on April 28, 2014. ECF No. 12, citing Local Rule 110; Fed. R. Civ. P. 41(b). On June 23, 2014, plaintiff filed a motion for

---

[1] Plaintiff has since been incarcerated as a state prisoner.
[2] Court records indicate he was served with the March 11, 2014 order at his most recent address.

"reinstatement" of this action. ECF No. 14. On August 4, 2014, he filed a first amended complaint. ECF No. 15.

I. Plaintiff's Motion to Re-Open the Case

A. Plaintiff's Asserted Grounds for Relief from Judgment

Plaintiff sets forth in a declaration that he was removed from custody at California State Prison-Lancaster on February 5, 2014 until April 2, 2014 for appearance in a criminal case with no advance notice and deprived of access to his legal property, writing or paper supplies. Id. at 1-2. He avers he was afforded no opportunity to apprise the court of his circumstances. Id. Plaintiff attaches a document indicating that on April 17, 2014, he sought Priority Legal User status in the prison law library based on a deadline of April 7, 2014 to file an amended complaint in the instant case. Id. at 4. He stated that he needed PLU status because he had been out-to-court (evidently until on or around April 2, 2014) and had suffered an unspecified injury upon his return. Id. Plaintiff's request for PLU status was denied because the deadline he had identified had passed. Id. A subsequent request again met with a denial based on the fact that the deadline was not a current one. Id. at 5.

B. Rule 60(b) Standards

Under Fed. R. Civ. P. 60(b), "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect. . . ." The Supreme Court has explained that what constitutes "excusable" neglect in missing a filing deadline is fundamentally "an equitable" determination, "taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993). Four factors must be considered: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010), citing Pioneer, 507 U.S. at 395; Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (noting that these four factors, while not an exclusive list, provide a framework for determining when missing a filing deadline constitutes neglect that is "excusable").

2

C. <u>Discussion</u>

Although plaintiff states that he was deprived of legal supplies, his legal property, and law library access for the two-month period when he was out-to-court, he does not provide facts sufficient to support a finding of excusable neglect. First, plaintiff does not specify when he received the court's March 11, 2014 order. Second, while it is plain that plaintiff was aware of the order by April 17, 2014, when he sought PLU status, he does not explain why did not notify the court at that time of the obstacles he faced. Plaintiff's failure to promptly seek an extension of time weighs against his post-judgment request for relief. The request to re-open the case was made approximately two months after judgment was entered. No proposed amended complaint was proffered until another month thereafter, approximately four months after it was due. Plaintiff entirely fails to explain these delays.

With regard to the first <u>Pioneer</u> factor, re-opening this case and allowing plaintiff to file an amended complaint would potentially prejudice the defendants. As to the second factor, plaintiff's amended complaint was submitted almost four months after it was due, with no request for an extension of time having been filed prior to entry of judgment. As noted above, plaintiff has not demonstrated why he could not have filed a request for an extension of time in this court prior to dismissal of this action, particularly in light of the fact that he was able to seek PLU status in the prison law library during this period. Nor does he explain why, upon dismissal of the case, he did not immediately seek to have the case re-opened rather than delaying another two months.  As to the third factor, the reason for the delay, plaintiff provides reasons for his failure to file an amended complaint by his original April 8, 2014 deadline, but does not explain the further delay that followed his return to CSP-Lancaster. As to the fourth factor, there are no circumstances indicating bad faith on plaintiff's part. However, plaintiff's good faith does not overcome the other factors that weigh against re-opening this action.

For these reasons, plaintiff's motion to re-open the case will be denied.   Moreover, for the reasons which follow, even if plaintiff had satisfied the requirements of Rule 60(b), relief from judgment would be futile because the proposed first amended complaint would be subject to summary dismissal with prejudice.

3

II.     Failure to State a Claim

As an alternative basis for its ruling, the court finds that the belatedly proposed amended complaint fails to state a claim and is therefore subject to summary dismissal.

A. Screening Standards

Plaintiff has been previously informed that the court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations

4

of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421(1969).

      B.  <u>First Amended Complaint</u>

In his proposed first amended complaint, plaintiff sets forth allegations related to the two and a half years that he was a pretrial detainee in the custody of the Sacramento County Sheriff's Department.  Plaintiff names as defendants the Sacramento County Sheriff's Department and Aramark Correctional Services, LLC.  ECF No. 15.

Plaintiff alleges that the Sacramento County Sheriff's Department and Sheriff Scott Jones reduce the quality, quantity and frequency of food served to jail inmates.  As a result, demand is increased for commissary items which are available to prisoners through Aramark Correctional Services, LLC, by way of the Main Jail commissary menu or an inmate's friends and family online at Icare.com.  Plaintiff is at pains to demonstrate that the Sheriff's Department profits by this arrangement increasingly year by fiscal year.  Plaintiff includes as an exhibit a document entitled "Inmate Welfare Fund/Main Jail Income Statement, FY 2011-2013."  This (unauthenticated) exhibit shows the Sheriff's Department's 2011-2013commission on commissary sales of $ 2,069,636.92 to be $781, 610.08, with defendant Aramark's commission amounting to $1,288, 026.84.  Plaintiff accuses the Sheriff's Department and Aramark of being engaged in a partnership that constitutes a conflict of interest with their duty to provide for prisoners in their custody.  ECF No. 15 at 5-8, 10.

Plaintiff alleges that the nutrition consultant the defendant Sheriff's Department is mandated to employ is to determine defendant's compliance with Title XV Cal. Code Regs. §§ 1240-1248,[3] but that these standards constitute "absolute minimums" for an adult prisoner.  Further, plaintiff alleges that the actual food service is primarily based on an "honor system," with unnamed county employees simply demonstrating for inmate workers a portion that is less

---

[3] These provisions address the frequency of meal service in local detention facilities, the minimum diet nutritional requirements, menu planning, the preparation of a food service plan, standards for kitchen facilities, supervision of food service, diets for those in disciplinary isolation or with medical needs.

1   than that advised by the court-mandated nutritionist.  ECF No. 15 at 6.

2   Plaintiff alleges that the quality of food is also diminished by the Sheriff's Department's "hyper-frugality" in engaging in lowest-bid contracts for food provision.  He alleges that the "greed and corruption" impact employee pay, benefits and safety.  Id. at 7.

Plaintiff claims that because he is indigent he has suffered negligible financial loss, but avers that he suffered from constant hunger while in the custody of the defendants.  He alleges that he lost sixty pounds between June 2012 and January 2013 due to the jail's inadequate provisions.  While plaintiff concedes the weight loss benefitted him, he is concerned about a dangerous situation for prisoners who cannot afford such a substantial weight loss.  Id.

C.  Due Process

With respect to plaintiff's claim concerning allegedly inadequate meals, such "[c]laims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment."  Frost v. Agnos, 152 F.3d 1124, 1128 (1998) (citing Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).  However, "[b]ecause pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment[,]" the same standards apply to both.  Frost, 152 F.3d at 1128.  Under the Eighth Amendment, inmates may not be subjected to conditions of confinement that deprive them of "the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."  LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (concluding that a "temporary Nutraloaf diet . . . falls short of the deprivation necessary to form the basis of an Eighth Amendment violation"); Stewart v. Block, 938 F.Supp. 582, 588 (C.D.Cal. 1996) (county jail disciplinary diet did not rise to the level of a federal constitutional violation).

D.  Discussion

Plaintiff's complaint focuses on a contractual relationship between the Sheriff's Department and Aramark which, assuming the allegations to be true, may be of questionable propriety and efficacy with respect to the needs of inmates.  However, the alleged facts do not rise

to the level of a constitutional violation.  Plaintiff does not make factual allegations establishing that the food provided is affirmatively unhealthful or so calorically inadequate that it endangers inmate health.  Cf. Hutto v. Finney, 437 U.S. 678, 686-87 (1978) (serving inmates only a tasteless concoction called "grue," which provided only 1000 calories a day, "might" be unconstitutional if continued for weeks or months).  Plaintiff does not claim to have been harmed by the diet, conceding that his weight loss was beneficial and citing no ill effects upon his health generally.  He alleges only that the Sheriff's Department is serving a diet designed to leave inmates wanting more, in order to encourage business for Aramark and thus benefit both defendants financially.  Even if improper, this is not unconstitutional because it does not constitute a deprivation of "the minimal civilized measure of life's necessities."  See Hudson v. McMillan, 503 U.S. 1, 8 (1992).

Moreover, to the extent plaintiff purports to bring this action on the behalf of other jail inmates, plaintiff has no standing to do so.  Pro se litigants do not have authority to represent anyone other than themselves.  Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir.1997) (a non-attorney "has no authority to appear as an attorney for others than himself"[internal citation/quotation marks omitted]); McShane v. United States, 366 F.2d 286, 288 (9th Cir.1966) (plaintiff's privilege to appear in propria persona is a "privilege ... personal to him.  He has no authority to appear as an attorney for others than himself.").

It is also unclear what form of relief plaintiff may be seeking.  He indicates that he has been subjected at most to an insignficant financial loss.  He is also no longer in custody at the Sacramento Sheriff's Department, nor is there any likelihood demonstrated that he will be transferred back.  When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot because he is no longer subjected to those conditions.  See Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  Accordingly, the complaint both fails to state a claim of a civil rights violation and supports no form of relief.

For these reasons, the court finds that plaintiff's proposed first amended complaint is subject to summary dismissal and re-opening the case would therefore be futile.

////

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to "reinstate" this case, ECF No. 14, construed as a motion for relief from judgment under Rule 60(b)(1) is DENIED; in the alternative,

2. Plaintiff's proposed first amended complaint fails to state a claim upon which relief can be granted;

3. Plaintiff's motion for appointment of counsel, ECF No. 19, is denied as moot;

4. No further documents shall be filed in this closed case. Any future filings will be disregarded.

DATED: December 31, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE